■ SANDRA LANE, Appellant, v KYLER BEARD et al., Respondents. [697 NYS2d 64] —In an action to recover damages for

personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated May 21, 1998, as granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Sharon Beard, and (2) an order of the same court, dated September 21, 1998, as granted those branches of the motion of the defendant Kyler Beard which were for leave to amend the answer to assert the affirmative defense of the Statute of Limitations, and to dismiss the complaint insofar as asserted against him on that ground.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff, a special education teacher at the Highview Elementary School in Nanuet, was allegedly injured when she was assaulted by the defendant Kyler Beard, one of the special education students in her third-grade class. The assault took place while the plaintiff was attempting to restrain Kyler. The plaintiff sought to recover damages on the ground, *inter alia*, of negligent supervision by Kyler's mother, the defendant Sharon Beard (hereinafter Beard).

Beard demonstrated her entitlement to judgment in her favor as a matter of law (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). In response, the plaintiff has failed to proffer any evidence to show the existence of triable issues of fact. Under the circumstances, summary judgment was properly granted to Beard.

Further, the Supreme Court did not err in granting Kyler leave to amend the answer to assert the affirmative defense of the Statute of Limitations, and dismissing the complaint insofar as asserted against him on that ground. While leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]), the decision whether to grant such leave is within the court's sound discretion, to be determined on a case-by-case basis (*see, Mayers v D'Agostino,* 58 NY2d 696). Delay alone will not be a barrier to the amendment of an answer (*see, Thompson v Ludovico,* 246 AD2d 642). Although Kyler waited until the eve of trial to move to amend the answer, he offered a reasonable excuse for the delay (*cf., Pellegrino v New York City Tr. Auth.,* 177 AD2d 554). Since this action was commenced more than one year after the alleged assault by Kyler, the cause of action against Kyler was properly dismissed (*see,* CPLR 215 [3]).

The plaintiff's remaining contentions are without merit. S. Miller, J. P., Sullivan, Altman and McGinity, JJ., concur.