■ BOARD OF EDUCATION OF SACHEM CENTRAL SCHOOL DISTRICT, Appellant, v EUGENE J. DONOHUE ASSOCIATES, INC., Respondent. [748 NYS2d 504] —In an action to recover damages for fraud and insurance malpractice, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Floyd, J.), entered August 24, 2001, which granted the defendant's motion for leave to amend its answer to assert the affirmative defense that the action was barred by the statute of limitations, and upon granting that relief, dismissed the complaint on that ground.

Ordered that the order and judgment is affirmed, with costs.

The decision whether to grant leave to amend is within the court's discretion, and such determination will not be lightly set aside (see Sidor v Zuhoski, 257 AD2d 564). Although failure to plead the statute of limitations as an affirmative defense constitutes a waiver of such defense (see CPLR 3211 [e]), a defendant can nonetheless seek leave of the court to amend its

answer to interpose such a defense in the absence of prejudice or surprise (*see Lane v Beard,* 265 AD2d 382).

While the defendant here sought leave to amend its answer to assert the statute of limitations as an affirmative defense four months after the note of issue was filed, the Supreme Court providently exercised its discretion in allowing the amendment since the defendant proffered a reasonable excuse for its delay, and there was no prejudice to the plaintiff (*see Lane v Beard, supra*). Here, the plaintiff's fraud and malpractice causes of action, which are subject to a six-year limitations period (*see* CPLR 213 [2], [8]), and accrued no later than March 3, 1988, were time-barred when the plaintiff commenced the action in 1997.

Therefore, the Supreme Court properly granted the defendant summary judgment dismissing the complaint, as the action was time-barred (*see Lane v Beard, supra*).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Altman, H. Miller and Cozier, JJ., concur.