■ CHRISTOPHER ROSE, Respondent, v MANHATTAN BEVER-AGE, INC., et al., Defendants, and MANHATTAN BEER DISTRIBU-TORS, LLC, Appellant. [757 NYS2d 590] —In an action to·recover damages for personal injuries, the defendant Manhattan Beer Distributors, LLC, appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated May 8, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, an employee of the defendant Downstairs Restaurant Enterprises, Inc., alleged that he was injured on April 17, 1998, when a keg of beer delivered to the restaurant fell on top of him because the individuals who had delivered the keg had stacked it in a negligent manner. In support of its motion, the appellant submitted the transcript of the plaintiff's deposition testimony wherein he testified that the delivery occurred on April 17, 1998, only minutes before the accident. The appellant also submitted testimony from an employee of the appellant and the appellant's logs, both of which indicated that the appellant did not make a delivery to the restaurant on April 17, 1998, although it had made a delivery on April 16, 1998. The transcript of the plaintiff's deposition testimony further reveals that he testified initially that the company whose employees negligently stacked the keg of beer was Manhattan Beverage, Inc., and that it was only because of a mistake in communicating with his attorney that the appellant was named as a defendant. However, after consulting with his attorney, approximately one hour into his deposition, the plaintiff changed his story and proceeded to testify that his prior testimony had been in error and that the negligent delivery had, in fact, been effectuated by the appellant.

The evidence submitted by the appellant established a prima facie case that the accident was not proximately caused by any negligence on the part of the appellant (see CPLR 3212 [b]). The statement contained in the plaintiff's affidavit submitted in opposition to the motion to the effect that the delivery occurred on either April 16, 1998, or April 17, 1998, presents a feigned issue of fact designed to avoid the consequences of his earlier admission that the delivery of the keg of beer occurred on April 17, 1998 (see Capraro v Staten Is. Univ. Hosp., 245 AD2d 256 [1997]). The plaintiff thus failed to raise a triable issue of fact, and the appellant's motion should have been

granted. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.