■ PAUL CZARNECKI et al., Appellants, v SALVATORE CORSO, Respondent. [916 NYS2d 828]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Taylor, J.), dated December 23, 2009, which denied their motion for summary judgment on the issue of liability, and (2) an order of the same court, dated April 27, 2010, which denied their motion for leave to renew and reargue their motion for summary judgment on the issue of liability.

Ordered that the order dated December 23, 2009, is reversed, on the law, and the plaintiffs' motion for summary judgment on the issue of liability is granted; and it is further,

Ordered that the appeal from so much of the order dated April 27, 2010, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from the denial of a motion to reargue; and it is further,

Ordered that the appeal from so much of the order dated April 27, 2010, as denied that branch of the plaintiffs' motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated December 23, 2009; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

"A driver who fails to yield the right of way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142 (a) and is negligent as a matter of law" (*Thompson v Schmitt*, 74 AD3d 789, 789 [2010]; *see Rahaman v Abodeledhman*, 64 AD3d 552, 553 [2009]; *Klein v Crespo*, 50 AD3d 745, 745 [2008]). Here, it is undisputed that the plaintiff Paul Czarnecki (hereinafter the plaintiff) had the right-of-way at the subject intersection. In support of their motion for summary judgment on the issue of liability, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant failed to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a) (*see Stanford v Dushey*, 71 AD3d 988, 988 [2010]; *Batts v Page*, 51 AD3d 833, 834 [2008]; *McNamara v Fishkowitz*, 18 AD3d 721, 722 [2005]; *Ishak v Guzman*, 12 AD3d 409 [2004]; *Meliarenne v Prisco*, 9 AD3d 353, 354 [2004]). Moreover, while the defendant claims that he stopped at the controlling stop sign, the question of whether he stopped at the stop sign is not dispositive, since the evidence established that he failed to yield, even if he did stop (*see Thompson v Schmitt*, 74 AD3d at 790; *Mohammad v Ning*, 72 AD3d 913, 915 [2010]; *Khan v Nelson*, 68 AD3d 1062, 1063 [2009]; *Rahaman v Abodeledhman*, 64 AD3d at 553). In opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact as to whether the plaintiff was comparatively negligent (*see Maliza v Puerto-Rican Transp. Corp.*, 50 AD3d 650, 652 [2008]; *Hull v Spagnoli*, 44 AD3d 1007, 1007 [2007]). Since the defendant admitted at his deposition that he did not see the plaintiff's vehicle prior to the collision, his assertions that the plaintiff may have been speeding or negligent in failing to take evasive action were speculative (*see Stanford v Dushey*, 71 AD3d at 988; *see also Batts v Page*, 51 AD3d at 834; *Meliarenne v Prisco*, 9 AD3d at 354). Accordingly,

the Supreme Court erred in denying the plaintiffs' motion for summary judgment on the issue of liability.

The plaintiffs' contentions concerning the denial of that branch of their motion which was for leave to renew have been rendered academic in light of our determination on the appeal from the order dated December 23, 2009. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.