In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bayne, J.), dated March 16, 2012, which denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is granted.
This appeal arises out of an automobile accident that occurred on November 5, 2010, at an intersection in Brooklyn, when a vehicle operated by the defendant collided with a vehicle operated by the plaintiff Jerry Amalfitano, in which the plaintiff Mary Amalfitano was a passenger. At the time of the accident, the defendant was traveling on a road which was controlled by *940 a stop sign at the subject intersection, while the plaintiffs were traveling on an intersecting road, which was not controlled by any traffic device. In April 2011, the plaintiffs commenced this action to recover damages for personal injuries allegedly sustained as a result of the accident. In an order dated March 16, 2012, the Supreme Court denied the plaintiffs’ motion for summary judgment on the issue of liability.
The plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant’s vehicle proceeded into an intersection controlled by a stop sign without yielding the right-of-way to their approaching vehicle (see Vehicle and Traffic Law § 1142 [a]). The evidence submitted by the plaintiffs in support of their motion demonstrated that the defendant failed to properly observe and yield to cross traffic before proceeding into the intersection (see Czarnecki v Corso, 81 AD3d 774, 775 [2011]; Mohammad v Ning, 72 AD3d 913, 914 [2010]; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]).
In opposition, the defendant failed to raise a triable issue of fact. Although the defendant stated in his affidavit that he came to a stop at the stop sign before proceeding into the intersection, the question of whether the defendant stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see Martin v Ali, 78 AD3d 1135, 1136 [2010]; Mohammad v Ning, 72 AD3d at 915; Exime v Williams, 45 AD3d 633, 634 [2007]). The defendant also indicated that he did not see the plaintiffs’ vehicle until his vehicle was already in the intersection. “A driver is negligent where an accident occurs because he or she fails to see that which through proper use of [his or her] senses [he or she] should have seen” (Mohammad v Ning, 72 AD3d at 915 [internal quotation marks omitted]; see Bongiovi v Hoffman, 18 AD3d at 687).
The defendant’s remaining contention is without merit.
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the issue of liability. Florio, J.E, Leventhal, Austin and Roman, JJ., concur.