■ Krisanthi Lilaj, Respondent, v Harry Ferentinos, Appellant. [7 NYS3d 172]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), entered July 28, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

This action to recover damages for personal injuries arises out of a motor vehicle accident which occurred on January 2, 2013, at the intersection of 21st Avenue and 36th Street in Astoria. The plaintiff was driving on 21st Avenue, when her vehicle collided with the vehicle operated by the defendant, who was driving on 36th Street. It is undisputed that a stop sign governs traffic proceeding on 36th Street at the subject intersection, but that no traffic device governs traffic proceeding on 21st Avenue. Following the accident, the plaintiff commenced this action. Thereafter, the plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant drove into an intersection controlled by a stop sign without yielding the right-of-way to her approaching vehicle (see Vehicle and Traffic Law § 1142 [a]; *Amalfitano v Rocco*, 100 AD3d 939 [2012]; *Czarnecki v Corso*, 81 AD3d 774 [2011]). As the driver with the right-of-way, the plaintiff was entitled to assume that the defendant would obey the traffic laws requiring him to yield (see *Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]).

In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. Although the defendant testified at his deposition that he came to a stop at the stop sign before proceeding into the intersection, the question of whether the defendant stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see *Amalfitano v Rocco*, 100 AD3d at 940; *Czarnecki v Corso*, 81 AD3d at 775; *Martin v Ali*, 78 AD3d at 1136; *Mohammad v Ning*, 72 AD3d at 915; *Exime v Williams*, 45 AD3d 633, 634 [2007]). Furthermore, since the defendant admitted at his deposition that he did not see the plaintiff's vehicle prior to the collision, his assertions that the plaintiff may have been speeding or negligent in failing to take evasive action were speculative (see *Czarnecki v Corso*, 81 AD3d at 775; *Stanford v Dushey*, 71 AD3d 988 [2010]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.