◼  JESSICA NOHS, Respondent, v JOHN C. DIRAIMONDO, Defendant/Third-Party Plaintiff-Appellant. JORDAN LYNNE NOHS et al., Third-Party Defendants-Respondents. [35 NYS3d 209]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated June 2, 2014, which granted the third-party defendants' motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

This action arises from an accident which occurred at the intersection of Deauville Boulevard and Warwick Avenue in Copiague, when a vehicle owned and operated by John C. DiRaimondo struck the front passenger side door of a vehicle operated by Jordan Lynne Nohs, and owned by Brian K. Nohs (hereinafter together the Nohses). At the time of the accident, Jordan Lynne Nohs was making a left turn from the northbound lane of Deauville Boulevard into the westbound lane of Warwick Avenue, and DiRaimondo was traveling in the southbound lane of Deauville Boulevard. The northbound and southbound lanes of Deauville Boulevard are separated by a grassy median, and a stop sign governs each direction of travel into the intersection.

The plaintiff, who was a passenger in the Nohs vehicle at the time of the accident, subsequently commenced this action against DiRaimondo to recover damages for personal injuries. DiRaimondo then commenced a third-party action against the Nohses. After depositions had been conducted, the Nohses moved for summary judgment dismissing the third-party complaint, contending that the sole proximate cause of the accident was DiRaimondo's negligence in failing to yield the right-of-way to the Nohs vehicle, which was already in the intersection and had nearly completed making a left-hand turn. The Supreme Court granted the Nohses' motion, and we affirm.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (*see Mu-Jin Chen v Cardenia*, 138 AD3d 1126 [2016]; *Smith v Omanes*, 123 AD3d 691 [2014]; *Luke v McFadden*, 119 AD3d 533 [2014]). "Moreover, a driver is negligent where he has failed to see that which through proper use of his senses he should have seen" (*Rodriguez v Klein*, 116 AD3d 939, 939 [2014]; *see Laino v Lucchese*, 35 AD3d 672 [2006]). However, since there can be more than one proximate cause of an accident, the proponent of a summary judgment motion has the burden of establishing freedom from comparative fault as a matter of law (*see Ruggiero v Lentini*, 123 AD3d 998, 999

[2014]; *Arias v Tiao*, 123 AD3d 857, 858 [2014]; *Luke v Mc-Fadden*, 119 AD3d at 534).

Here, in support of their motion for summary judgment, the Nohses submitted the deposition testimony of the plaintiff, DiRaimondo, and Jordan Lynne Nohs. This evidence established, prima facie, that DiRaimondo's negligence in failing to yield the right-of-way and in failing to see what was there to be seen was the sole proximate cause of the accident (*see Smith v Omanes*, 123 AD3d at 691; *Luke v McFadden*, 119 AD3d at 533). Although DiRaimondo testified at his deposition that he came to a stop at the stop sign before proceeding into the intersection, the question whether he stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (*see Lilaj v Ferentinos*, 126 AD3d 947, 948 [2015]; *Amalfitano v Rocco*, 100 AD3d 939, 940 [2012]; *Czarnecki v Corso*, 81 AD3d 774, 775 [2011]). In opposition, DiRaimondo failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the Nohses' motion for summary judgment dismissing the third-party complaint. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.