■ Jonathan Lara, Respondent, v Mariano Faulisi, Appellant. [39 NYS3d 172]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated July 9, 2015, as granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 19, 2013, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant at the intersection of 109th Avenue and 96th Street in Queens. At the time of the accident, the plaintiff was traveling in the eastbound lane of 109th Avenue, which was not governed by any traffic control device at its intersection with 96th Street. The defendant was traveling northbound on 96th Street, which was governed by a stop sign at its intersection with 109th Avenue.

The plaintiff commenced this action to recover damages for the personal injuries he allegedly sustained. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court granted the motion. The defendant appeals.

The plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating that the defendant negligently drove his vehicle into the intersection without yielding the right-of-way and that this was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1142 [a]; McPherson v Chanzeb, 123 AD3d 1098, 1099 [2014]; Williams v Hayes, 103 AD3d 713, 713-714 [2013]; Briggs v Russo, 98 AD3d 547, 548 [2012]). In opposition, the defendant failed to submit evidence sufficient to raise a triable issue of fact. The question of whether the defendant stopped at the stop sign is not dispositive, since the evidence established that he failed to yield even if he did stop (see Lilaj v Ferentinos, 126 AD3d 947, 948 [2015]; Williams v Hayes, 103 AD3d at 713-714; Amalfitano v Rocco, 100 AD3d 939, 940 [2012]; Czarnecki v Corso, 81 AD3d 774, 775 [2011]). As the driver with the right-of-way, the plaintiff was entitled to anticipate that the defendant would yield the right-of-way, and the defendant's speculative assertions in opposition to the motion were insufficient to raise a triable issue of fact (see Briggs v Russo, 98 AD3d at 548; Martin v Ali, 78 AD3d 1135, 1136 [2010]; Yelder v Walters, 64 AD3d 762, 764 [2009]; DeLuca v Cerda, 60 AD3d 721, 722 [2009]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Hall, Austin and Barros, JJ., concur.