■ CIVIL SERVICE EMPLOYEES ASSOCIATION, A.F.S.C.M.E., LOCAL 1000, A.F.L.-C.I.O., by its Local 830, et al., Respondents, v COUNTY OF NASSAU, Appellant. [44 NYS3d 50]—

In an action, inter alia, to recover damages for breach of a collective bargaining agreement, the defendant appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered June 5, 2014, which granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for summary judgment dismissing the complaint or, in the alternative, for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiffs' motion for summary judgment on the complaint and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with costs to the defendant.

The plaintiff Richard Kramer is a member of the plaintiff Civil Service Employees Association, A.F.S.C.M.E., Local 1000, A.F.L.-C.I.O., by its Local 830 (hereinafter the CSEA), and is employed by the defendant County of Nassau as a Civil Engineer II in the County's Department of Public Works. By summons and complaint filed June 27, 2008, the plaintiffs com-

menced this action against the County alleging, inter alia, breach of contract. They alleged that the County violated Kramer's rights under a collective bargaining agreement (hereinafter the CBA) between the CSEA and the County when it promoted a less senior county employee, and not Kramer, to the position of Deputy Superintendent of Buildings in the Department of Public Works. In January 2014, after discovery had been completed, the matter had been certified ready for trial, and the note of issue filed, the plaintiffs moved for summary judgment on the complaint. The County cross-moved for summary judgment dismissing the complaint or, in the alternative, for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred. The Supreme Court denied the County's cross motion and granted the plaintiffs' motion for summary judgment on the complaint. The County appeals.

Contrary to the County's contention, the denial of that branch of its cross motion which was for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred was a provident exercise of the Supreme Court's discretion. " 'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Calamari v Panos*, 131 AD3d 1088, 1089 [2015], quoting *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). " 'A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed' " (*Krigsman v Cyngiel*, 130 AD3d 786, 786 [2015], quoting *Gitlin v Chirinkin*, 60 AD3d 901, 902 [2009]; *see Murray v City of New York*, 43 NY2d 400, 405 [1977]). " 'In exercising its discretion, the court should consider how long the party seeking the amendment was aware of the facts upon which the motion was predicated [and] whether a reasonable excuse for the delay was offered' " (*Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640 [2015], quoting *Cohen v Ho*, 38 AD3d 705, 706 [2007]; *see Pellegrino v New York City Tr. Auth.*, 177 AD2d 554 [1991]). " '[W]here the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious' " (*Yong Soon Oh v Hua Jin*, 124 AD3d at 640-641 [internal quotation marks omitted], quoting *Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008]).

Here, the County's motion was not made until approximately

six years after service of its answer, and after the parties had completed discovery and the note of issue had been filed. Under these circumstances, the plaintiffs have suffered significant prejudice from the County's delay in asserting the statute of limitations as a defense (*see Cseh v New York City Tr. Auth.*, 240 AD2d 270 [1997]; *Cameron v 1199 Hous. Corp.*, 208 AD2d 454 [1994]; *Fulford v Baker Perkins, Inc.*, 100 AD2d 861 [1984]; *cf. Garafola v Wing Inc. Specialty Trades*, 139 AD3d 793 [2016]). Moreover, the facts set forth by the County in support of the proposed defense were known to the County at the time that it served its answer, and no excuse has been offered for the delay (*see Cseh v New York City Tr. Auth.*, 240 AD2d 270 [1997]; *cf. Board of Educ. of Sachem Cent. School Dist. v Donohue Assoc.*, 298 AD2d 482 [2002]). Accordingly, the Supreme Court properly denied that branch of the County's cross motion which was for leave to amend its answer to assert the statute of limitations as a defense and for summary judgment dismissing the complaint as time-barred.

However, we agree with the County that the Supreme Court erred in granting the plaintiffs' motion for summary judgment on the complaint. "A motion for summary judgment 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility[ ]' " (*Collado v Jiacono*, 126 AD3d 927, 928 [2015], quoting *Ruiz v Griffin*, 71 AD3d 1112, 1115 [2010]; *see Friends of Thayer Lake LLC v Brown*, 27 NY3d 1039, 1044 [2016]).

Here, the relevant provision of the CBA provides that, for promotions such as the one at issue, "[a]bility, adaptability and seniority shall prevail insofar as practicable and consistent with the needs of the department." The plaintiffs submitted evidence in support of their motion which demonstrated, as a matter of law, that Kramer possessed significantly more seniority than the employee who was promoted. However, the plaintiffs' evidence did not demonstrate, prima facie, that Kramer possessed ability and adaptability that were superior to that of the employee who was promoted (*see Friends of Thayer Lake LLC v Brown*, 27 NY3d at 1044; *Collado v Jiacono*, 126 AD3d 927 [2015]; *Ruiz v Griffin*, 71 AD3d at 1115). Accordingly, the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law, and the Supreme Court should have denied their motion for summary judgment on the complaint, regardless of the sufficiency of the County's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The County also failed to demonstrate its

prima facie entitlement to judgment as a matter of law, so that branch of its cross motion which sought summary judgment dismissing the complaint was properly denied (*see Friends of Thayer Lake LLC v Brown*, 27 NY3d at 1044). Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.