◼ Jerzy Tabak, Respondent, v Shaw Industries, Inc., Appellant. [53 NYS3d 154]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated April 21, 2015, as granted that branch of the plaintiff's motion which was for leave to amend the bill of particulars so as to change the date of the subject accident, and, in effect, denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that

branch of the plaintiff's motion which was for leave to amend the bill of particulars is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

In the complaint filed in January 2010, the plaintiff alleged that he was injured on August 16, 2007, as a result of the defendant's employees' negligence in their delivery of carpet to the building where the plaintiff worked as a handyman. In a bill of particulars dated April 28, 2010, the plaintiff reiterated that the accident occurred on August 16, 2007. At his deposition, the plaintiff also testified that the accident occurred on August 16, 2007.

The matter was stricken from the trial calendar on October 28, 2013, just before jury selection. On October 6, 2014, the plaintiff moved to restore the matter to the trial calendar, and for leave to amend the bill of particulars so as to change the date of the accident from August 16, 2007, to July 16, 2007. The defendant opposed the plaintiff's motion, and cross-moved for summary judgment dismissing the complaint, asserting that the plaintiff had conceded that the defendant did not make a delivery to the plaintiff's location on August 16, 2007.

The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to amend, and, in effect, denied the defendant's cross motion for summary judgment dismissing the complaint. The defendant appeals.

"Generally, '[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit' " (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d 827, 828 [2008], quoting *G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007], *affd* 10 NY3d 941 [2008]; *see* CPLR 3025 [b]; *Lucido v Mancuso*, 49 AD3d 220 [2008]; *Trataros Constr., Inc. v New York City School Constr. Auth.*, 46 AD3d 874, 874 [2007]). Where, however, the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discreet, circumspect, prudent, and cautious (*see Civil Serv. Empls. Assn. v County of Nassau*, 144 AD3d 1077, 1078 [2016]; *Yong Soon Oh v Hua Jin*, 124 AD3d 639, 640-641 [2015]; *Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828). "Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly" (*Morris v Queens Long Is. Med. Group, P.C.*, 49 AD3d at 828; *see Yong Soon Oh v Hua Jin*, 124 AD3d at 641; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d

523, 525 [2005]; *Rosse-Glickman v Beth Israel Med. Ctr.-Kings Hwy. Div.*, 309 AD2d 846 [2003]).

Here, the plaintiff moved for leave to amend his bill of particulars more than four years after the action was commenced, and almost a year after the matter was stricken from the trial calendar. Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend the bill of particulars, as the defendant demonstrated that it would suffer significant prejudice as a result of the unexplained delay (*see Civil Serv. Empls. Assn. v County of Nassau*, 144 AD3d at 1079; *Wells Fargo Bank, N.A. v Morgan*, 139 AD3d 1046, 1048 [2016]; *Yong Soon Oh v Hua Jin*, 124 AD3d at 641).

Consequently, the defendant's cross motion for summary judgment dismissing the complaint must be granted, since the plaintiff admits that the defendant did not make a delivery to the plaintiff's location on August 16, 2007 (*see Rose v Manhattan Beverage*, 304 AD2d 546 [2003]). Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.