OPINION OF THE COURT
Francois A. Rivera, J.
Background
On August 29, 2011, Sawar Sardar commenced the instant action for damages for personal injuries sustained in a motor vehicle accident by filing a summons and complaint with the Kings County Clerk’s office (KCCO). The defendants joined issue by a joint verified answer filed on September 13, 2011. A note of issue was filed on August 15, 2016.
The complaint, bill of particulars and Sardar’s deposition transcript allege in pertinent part that on August 27, 2010 at approximately 10:45 a.m. the parties were in an automobile accident (hereinafter the subject accident) at the intersection of Coney Island Avenue and Avenue P in Kings County. At that *758 time and place, Sardar was driving a 2003 Lincoln Town Car heading south on Coney Island Avenue towards Avenue P. Lesly Madera was driving an ambulance owned by defendant Park Ambulance westbound on Avenue P. Avenue P and Coney Island Avenue were both controlled by traffic control devices at that intersection. It is undisputed that Sardar had the green light in his favor when he entered the intersection immediately before the accident.
Law and Application
Sardar’s Motion to Amend the Bill of Particulars
“Generally, [i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit” (Tabak v Shaw Indus., Inc., 149 AD3d 1132, 1133 [2d Dept 2017] [internal quotation marks omitted], citing Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828 [2d Dept 2008]; see CPLR 3025 [b]). Where, however, the application for leave to amend is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discreet, circumspect, prudent, and cautious (Tabak v Shaw Indus., Inc., 149 AD3d 1132 [2d Dept 2017], citing Civil Serv. Empls. Assn. v County of Nassau, 144 AD3d 1077, 1078 [2d Dept 2016]). “Moreover, when . . . leave is sought on the eve of trial, judicial discretion should be exercised sparingly” (Tabak v Shaw Indus., Inc., 149 AD3d 1132, 1133 [2d Dept 2017], citing Morris, 49 AD3d at 828). Furthermore, where there has been an inordinate delay in seeking leave to amend to include a new injury, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (Green v New York City Hous. Auth., 81 AD3d 890 [2d Dept 2011], relying on Itzkowitz v King Kullen Grocery Co., Inc., 22 AD3d 636, 637 [2d Dept 2005]; Fuentes v City of New York, 3 AD3d 549, 550 [2d Dept 2004]).
In the instant matter, Sardar seeks to amend the bill of particulars to assert an additional injury, specifically a left nasal bone fracture. In support of the application Sardar asserts that the failure to include this injury in the bill of particulars was an oversight. He contends that the amendment would not prejudice or surprise the defendants because they had an authorization for the medical records revealing the nasal fracture back in November 2011. Furthermore, their counsel confirmed their possession of the relevant medical rec *759 ords at Sardar’s deposition in February of 2014. Furthermore, the defendants’ independent medical examination doctor stated that he relied upon those records in preparing his report.
In opposition to the motion the defendants contend that the delay in amending the bill of particulars is prejudicial and that Sardar should not be permitted to amend based on the time delay. The defendants claim that the additional discovery would be unduly burdensome. Lastly, the defendants assert that the amendment is simply a method to defeat the summary judgment motion and reach the threshold requirement of a serious physical injury provided for in Insurance Law § 5102 (d).
Contrary to the defendants’ assertions there has not been an inordinate delay as the note of issue was filed fairly recently. Furthermore, defendants’ claim of prejudice is one that is easily remedied by granting additional discovery. Accordingly, Sar-dar is granted leave to amend the bill of particulars to assert a nasal bone fracture. Sardar is directed to file the proposed amended bill of particulars with the KCCO and serve it on the defendants on or before May 26, 2017.
Summary Judgment for Failure to Sustain a Serious Physical Injury
It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issues of fact (Giuffrida v Citibank Corp., 100 NY2d 72 [2003]).
A failure to make that showing requires the denial of that summary judgment motion, regardless of the adequacy of the opposing papers (Ayotte v Gervasio, 81 NY2d 1062 [1993]). If a prima facie showing has been made the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
A party opposing a motion for summary judgment is obligated “to lay bear his proofs” to sufficiently demonstrate, with admissible evidence, that a triable issue of fact will exist (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]). A genuine issue of fact may not be demonstrated by using mere conclusions, expressions of hope or unsubstantiated *760 allegations or assertions (Amatulli v Delhi Constr. Corp., 77 NY2d 525 [1991]).
“Pursuant to CPLR 3212 (b) a court will grant a motion for summary judgment upon a determination that the movant’s papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Further, all of the evidence must be viewed in the light most favorable to the opponent of the motion” (People v Grasso, 50 AD3d 535, 544 [1st Dept 2008], citing Marine Midland Bank v Dino & Artie’s Automatic Transmission Co., 168 AD2d 610 [2d Dept 1990]).
The defendants have moved to dismiss the plaintiff’s complaint on the basis that he did not have a serious injury as defined in Insurance Law § 5102 (d). Insurance Law § 5102 (d) defines serious injury as:
“[A] personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.”
“A defendant can establish that the plaintiff’s injuries are not serious within the meaning of Insurance Law § 5102 (d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff’s claim” (see Grossman v Wright, 268 AD2d 79, 83-84 [2d Dept 2000]).
“With this established, the burden shifts to the plaintiff to come forward with evidence to overcome the defendant’s submissions by demonstrating a triable issue of fact that a serious injury was sustained within the meaning of the Insurance Law. The plaintiff in such a situation must present objective evidence of the injury” (id. at 84 [citation *761 omitted]).
As discussed above, the plaintiff has been permitted to amend the bill of particulars. Accordingly, the instant motion for summary judgement based on the plaintiff’s failure to sustain a serious physical injury fails to address the new injury claimed by the plaintiff. The motion is therefore denied with leave to seek the same relief after discovery has been completed in relation to the new injury.
Defendants’ Motion for Summary Judgment on the Issue of Liability
The defendants seek an order pursuant to CPLR 3212 granting summary judgment in their favor on the issue of liability and dismissing the complaint. In support of the motion, the defendants have submitted, among other things, Sardar’s deposition transcript, an affidavit by Madera and an affidavit of John Rusinski.
Generally, a driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (Nohs v DiRaimondo, 140 AD3d 1132 [2d Dept 2016], citing Mu-Jin Chen v Cardenia, 138 AD3d 1126 [2d Dept 2016]). “Moreover, a driver is negligent where he has failed to see that which through proper use of his senses he should have seen” (Nohs v DiRaimondo, 140 AD3d 1132, 1133 [2d Dept 2016], citing Rodriguez v Klein, 116 AD3d 939, 939 [2d Dept 2014]).
While a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, a driver who has the right-of-way and has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision (Levi v Benyaminova, 128 AD3d 779 [2d Dept 2015]).
However, “the manner in which an authorized emergency vehicle is operated in an emergency situation may not form the basis for civil liability unless the driver acted in reckless disregard for the safety of others” (Shalom v East Midwood Volunteer Ambulance Corp., 138 AD3d 724, 725 [2d Dept 2016], citing Woodard v Thomas, 77 AD3d 738, 739 [2d Dept 2010]; see Vehicle and Traffic Law § 1104). This standard requires proof that the driver intentionally committed an act of an unreasonable character while disregarding a known or obvious risk that was so great as to make it highly probable that harm would follow (see Woodard, 77 AD3d at 739; Puntarich v County of Suffolk, 47 AD3d 785, 786 [2d Dept 2008]). However, Vehicle and Traffic Law § 1104 (c) states that
*762 “the exemptions herein granted to an authorized emergency vehicle shall apply only when audible signals are sounded from any said vehicle while in motion by bell, horn, siren, electronic device or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted lamp so that from any direction, under normal atmospheric conditions from a distance of five hundred feet from such vehicle, at least one red light will be displayed and visible.”
Defendants contend that even though Madera proceeded into the intersection against the red light the defendants are free from liability pursuant to Vehicle and Traffic Law § 1104. The affidavit of Madera asserts that on the date of the accident at approximately 11:00 a.m. he was employed by the defendant Park Ambulance, was operating an ambulance, and was responding to an emergency call of a patient with uncontrolled bleeding. He avers that he engaged the lights and sirens on the ambulance and proceeded with caution into each intersection. He further claims that just prior to the subject accident, he slowed down to enter the intersection while facing a red light. He further claims that he was already passed the middle of the intersection when he collided with plaintiffs vehicle.
Sardar’s deposition transcript states that he was traveling through the intersection with the green light in his favor, that he did not see or hear the ambulance until a few seconds prior to the accident and that the ambulance’s lights and sirens were not engaged. Sardar further alleges that he was in the intersection first when he was hit by the ambulance. The conflicting versions of the accident between Sardar and Mad-era create a triable issue of fact regarding the defendants’ liability under Vehicle and Traffic Law § 1104. Furthermore, for the reasons set forth below, the affidavit of Rusinski does not change the outcome since it also fails to eliminate all material issues of fact regarding the defendants’ liability.
Rusinski’s affidavit alleges that he is the safety manager for Envision Healthcare, doing business as American Medical Response (AMR).* He asserts that he is fully familiar with the facts set forth in the affidavit based upon his personal knowl *763 edge and his review of AMR’s business records. Rusinski is not a witness to the subject accident and does not state which facts are based on his personal knowledge.
Rusinski refers to documents which he describes as: a call screen dispatch, road safety records and the copy of American Medical Response’s accident report. His testimony is based on the data recorded from the computer call screen dispatch and the onboard computer. The call screen dispatch purports to show that Madera was responding to a call of a patient and that he was en route to the patient’s house. Attached as exhibit B to Rusinski’s affidavit is the printout of the safety records derived from the onboard computer. According to the safety records Rusinski makes the following claims: the time of the collision was at 11:02 a.m.; the lights and sirens were in use and employed the entire time for the 33 seconds prior to the accident; and the ambulance was slowing down prior to the accident to 10 miles per hour.
The onboard computer fits the description of a data recording system as described in Vehicle and Traffic Law § 416-b. The call screen allegedly records calls through a computer system. The onboard computer is a vehicle data recording device which allegedly records functions of the ambulance including speed, seat belt usage, and whether the lights and sirens were activated.
Rusinski does not claim any expertise regarding the operation of the onboard computer. Nor does he claim any training or experience on any aspect of its function or operation. He does not claim any competence in testing, calibrating or adjusting the device. He professes no knowledge on how the onboard computer works, or how its data is stored, recorded or retrieved. In sum, he offers nothing to establish that the data generated from the onboard computer is reliable.
Rusinski has interpreted the data from the computer systems and offers his interpretation for the truth of the matter. Although he claims that he is familiar with the books and records of American Medical Response he does not state that he has personal knowledge of AMR’s business practices and procedures. “A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker’s business practices and procedures” *764 (Citibank, N.A. v Cabrera, 130 AD3d 861, 861 [2d Dept 2015]). He attempts to submit the evidence pursuant to CPLR 4518 as a business record. In order to admit a document pursuant to the business record exception a party must establish that the “[record] was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (see CPLR 4518 [a]).
Rusinski did not lay a foundation for the admission of the data from the computer systems. Accordingly, the data is hearsay and inadmissible absent an exception. Moreover, the data obtained through a vehicle data recording device is akin to the data taken from a breathalyzer test and accordingly is subject to the same requirements to verify the accuracy of the results (see People v Garneau, 120 AD2d 112 [4th Dept 1986]). As discussed above, Rusinski does not satisfy the requirements of CPLR 4518 because he did not attest that he was personally familiar with the AMR’s record-keeping practices and procedures (Aurora Loan Servs., LLC v Ang, 150 AD3d 649 [2d Dept 2017]). Accordingly, the data generated from the onboard computer system is inadmissible hearsay, as its reliability has not been established.
Accordingly, the defendants have failed to eliminate all material issues of fact as to whether Madera had activated the ambulance’s siren and lights prior to the accident (see Ryan v Town of Riverhead, 117 AD3d 707, 710 [2d Dept 2014]; Corallo v Martino, 58 AD3d 792, 793 [2d Dept 2009]). In light of the foregoing, the defendants have not made a prima facie showing that they are free from liability in the causing of the subject accident.
Conclusion
Park Ambulance Service Inc., doing business as American Medical Response, and Lesly Madera’s joint motion for an order pursuant to CPLR 3212 granting summary judgment in their favor on the issue of liability is denied.
Park Ambulance Service Inc., doing business as American Medical Response, and Lesly Madera’s joint motion pursuant to Insurance Law § 5102 on the basis that the plaintiff did not sustain a serious physical injury is denied without prejudice to seek the same relief after discovery on the nasal bone fracture is complete.
*765 Sawar Sardar’s cross motion for an order permitting him to amend his bill of particulars to assert an additional injury pursuant to CPLR 3025 (b) is granted.

 It should be noted that the named defendant is Park Ambulance Service Inc., doing business as American Medical Response, Inc. However, Rusinski states he is employed by a nonparty doing business as American Medical Response. It is unclear whether American Medical Response, Inc., a named *763 party, is the same entity as American Medical Response, the entity that employs Rusinski.