In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 28, 2016, which granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 On July 31, 2012, the plaintiff’s vehicle and a bus owned by the defendant MTA Bus Company and operated by the defendant Paul Zanata collided on Queens Boulevard near its intersection with 70th Road in Queens. After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals.
 

 The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff attempted to merge into Zanata’s lane of traffic without yielding the right-of-way, and that her conduct was the sole proximate cause of the accident (see Fuertes v City of New York, 146 AD3d 936, 937 [2017]; Wolf v Cruickshank, 144 AD3d 1144, 1145 [2016]; Nohs v DiRaimondo, 140 AD3d 1132, 1134 [2016]; Luke v McFadden, 119 AD3d 533, 534 [2014]; Amalfitano v Rocco, 100 AD3d 939, 940 [2012]). It is immaterial that the plaintiff may have stopped at a stop sign before she attempted to merge, because she did not have the right-of-way when she proceeded (see Fuertes v City of New York, 146 AD3d at 937; Lara v Faulisi, 142 AD3d 1052, 1053 [2016]; Hatton v Lara, 142 AD3d 1047, 1048 [2016]; Crowe v Hanley, 123 AD3d 755, 757 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.