Mastricova v Ruderman (2018 NY Slip Op 06235)





Mastricova v Ruderman


2018 NY Slip Op 06235


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2017-06251
 (Index No. 50279/17)

[*1]Adele A. Mastricova, respondent, 
v
Bernard Ruderman, et al., appellants.


Marin Goodman, LLP, Harrison, NY (Christopher J. Walsh of counsel), for appellants.
Rutberg Breslow (Lawrence A. Breslow and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated May 26, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when her vehicle collided with a vehicle operated by the defendant Bernard Ruderman and owned by the defendant Marlene A. Golia at the intersection of Mills Street and Columbus Drive in Dutchess County. The plaintiff's vehicle was traveling on Mill Street, which was not controlled by any traffic device, and the defendants' vehicle was traveling on Columbus Drive, which was controlled by a stop sign.
The plaintiff commenced this action against the defendants. The plaintiff moved for summary judgment on the issue of liability, contending that Ruderman was negligent in failing to yield the right-of-way in violation of the Vehicle and Traffic Law § 1142(a). The Supreme Court granted the motion, and the defendants appeal.
The plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that Ruderman negligently drove into the intersection on a street controlled by a stop sign without yielding the right-of-way to the plaintiff's vehicle (see Vehicle and Traffic Law § 1142[a]; Amalfitano v Rocco, 100 AD3d 939, 940; Czarnecki v Corso, 81 AD3d 774, 775; Mohammad v Ning, 72 AD3d 913, 914). In support of the motion, the plaintiff submitted a certified copy of a police accident report which contained Ruderman's admission that he failed to stop at the stop sign before entering the intersection. The plaintiff also proffered her own affidavit and the affidavit of a nonparty witness, stating, in effect, that Ruderman failed to stop at the stop sign.
In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, a plaintiff is not required to demonstrate the absence of her own comparative [*2]negligence to be entitled to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
AUSTIN, J.P., ROMAN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court