Butt v Lockwood (2019 NY Slip Op 04906)





Butt v Lockwood


2019 NY Slip Op 04906


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-13384
 (Index No. 740/18)

[*1]Asad Butt, respondent, 
v
Virginia Lockwood, et al., appellants.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellants.
Subin Associates, LLP, New York, NY (Robert J. Eisen and Brian J. Isaac of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered August 6, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability and denied their cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 5, 2017, at the intersection of 73rd Avenue and 180th Street in Queens, a motorcycle operated by the plaintiff collided with a vehicle owned by the defendant Phillip M. Lockwood and operated by the defendant Virginia Lockwood (hereinafter the defendant driver). It is undisputed that the plaintiff, who was traveling west on 73rd Avenue, had no traffic control device controlling his entry into the intersection with 180th Street, while the defendant driver, who was traveling in her vehicle north on 180th Street, had a stop sign controlling her entry in the intersection with 73rd Avenue. The plaintiff subsequently commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, their ownership and operation of their vehicle. After joinder of issue, the plaintiff moved for summary judgment on the issue of liability, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
In support of his motion for summary judgment, the plaintiff submitted an affidavit in which he averred that the defendants' vehicle failed to yield at a stop sign in violation of Vehicle and Traffic Law § 1142(a) and struck the side of his vehicle as it was lawfully proceeding through the intersection. A violation of Vehicle and Traffic Law § 1142(a) constitutes negligence as a matter of law (see Breen v Seibert, 123 AD3d 963, 964; Derosario v Gill, 118 AD3d 739, 739). Therefore, the plaintiff established his prima facie entitlement to judgment as a matter of law (see Lilaj v Ferentinos, 126 AD3d 947, 948; McPherson v Chanzeb, 123 AD3d 1098, 1099; see also Rodriguez v City of New York, 31 NY3d 312).
In opposition to the plaintiff's prima facie showing, the defendants failed to set forth a nonnegligent explanation for the accident. Although the defendant driver averred in her affidavit that she stopped at the stop sign before entering the intersection, "the question of whether [she] stopped at the stop sign is not dispositive [here], since the evidence established that [she] failed to yield even if [she] did stop" (Lilaj v Ferentinos, 126 AD3d at 948; see Amalfitano v Rocco, 100 AD3d 939, 940).
Accordingly, since the evidence demonstrated that the defendant driver was not free from fault in the happening of the accident, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability and denying the defendants' cross motion for summary judgment dismissing the complaint (see Bermejo v Khaydarov, 155 AD3d 597, 598).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court