[53 NE3d 730, 33 NYS3d 853]

Friends of Thayer Lake LLC et al., Appellants, v Phil Brown, Respondent, and State of New York et al., Intervenors-Respondents, et al., Defendant.

Argued March 24, 2016; decided May 10, 2016

## APPEARANCES OF COUNSEL

*McPhillips, Fitzgerald & Cullum, LLP*, Glens Falls (*Dennis J. Phillips* of counsel), for appellants.

*Caffry & Flower*, Glens Falls (*John W. Caffry* and *Claudia K. Braymer* of counsel), for Phil Brown, respondent.

*Eric T. Schneiderman*, Attorney General, Albany (*Brian D. Ginsberg, Barbara D. Underwood, Andrea Oser, Andrew B. Ayers* and *Philip M. Bein* of counsel), for State of New York and another, respondents.

*Pacific Legal Foundation*, Palm Beach Gardens, Florida (*Mark Miller*, of the Florida bar, admitted pro hac vice, of counsel), and *New York Farm Bureau, Inc.*, Albany (*Elizabeth C. Dribusch* of counsel), for Pacific Legal Foundation and others, amici curiae.

*Diane Van Epps Finnegan*, Manlius, for Adirondack Landowners Association, amicus curiae.

*Adirondack Mountain Club, Inc.*, Lake George (*Neil F. Woodworth* of counsel), and *Schoeman Updike & Kaufman LLP*, New York City (*Charles B. Updike* and *Jeremy M. Weintraub* of counsel), for Adirondack Mountain Club, Inc., and another, amici curiae.

*Hancock Estabrook, LLP*, Syracuse (*Alan J. Pierce* of counsel), for Empire State Forest Products Association, amicus curiae.

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by denying defendants' motions for summary judgment and, as so modified, affirmed.

Plaintiffs are the collective owners of real property in a remote area of the Adirondack Mountains. The property is bounded on the north by the William C. Whitney Wilderness Area, which consists of more than 20,000 acres of state forest preserve land. The Wilderness Area was privately owned, at least during the twentieth century, until fully acquired by the State in 1998. Within the Wilderness Area, a network of lakes, ponds, streams, and canoe carry trails known as the Lila Traverse Section of the Whitney Loops permits canoe travel between two lakes on opposite sides of the Wilderness Area.

The parties' dispute concerns the Mud Pond Waterway, a two-mile-long system of ponds and streams within the Lila Traverse that crosses plaintiffs' property. Shortly after the Wilderness Area entered public ownership, defendant New York State Department of Environmental Conservation constructed a 0.8-mile carry trail in order to permit canoe travelers to avoid the Waterway and complete the Lila Traverse without entering plaintiffs' property. Defendants now assert that members of the public are not obligated to use the carry trail, as the Waterway is subject to a public right of navigation. We are asked to determine whether the Waterway is navigable-in-fact and therefore open to public use.

As a general principle, if a waterway is not navigable-in-fact, "it is the private property of the adjacent landowner" (*Adirondack League Club v Sierra Club*, 92 NY2d 591, 601 [1998]). A waterway that is navigable-in-fact, however, "is considered a public highway, notwithstanding the fact that its banks and bed are in private hands" (*id.*, citing *Morgan v King*, 35 NY 454 [1866]; *see Van Cortlandt v New York Cent. R.R. Co.*, 265 NY 249, 254-255 [1934]; *Fulton Light, Heat & Power Co. v State of New York*, 200 NY 400, 412 [1911]). To be subject to this public easement, a waterway must provide practical utility to the public as a means for transportation, whether for trade or travel (*Adirondack League Club*, 92 NY2d at 603). In *Adirondack League Club*, though we did "not broaden the standard for navigability-in-fact," we held that recreational use may properly be "part of the navigability analysis" (*id.*).

Though the parties dispute the Waterway's navigability, they do not want a trial. Instead, the parties jointly requested a

determination as a matter of law upon their respective motions for summary judgment, contending that the material facts are fully and accurately presented in the record and are not in significant dispute. Supreme Court expressed a clear reluctance to honor this request, noting its inclination to determine that sufficient issues of fact exist to preclude the issuance of summary judgment. The Appellate Division, while noting that determinations of navigability are "heavily dependent on factual evidence and assessments," granted the parties' mutual request to resolve the matter as a question of law (*Friends of Thayer Lake LLC v Brown*, 126 AD3d 22, 25 [3d Dept 2015]). Nonetheless, both lower courts granted the parties' request to resolve the dispute as a matter of law, concluding that parties in a civil dispute may "chart their own course in litigation" and may "agree upon the factual basis for the resolution of a legal controversy" (*id.*, citing *Matter of Kaczor v Kaczor*, 101 AD3d 1403, 1404-1405 [3d Dept 2012]).

Such freedom, however, must give way to certain practical restraints: A waterway's navigability is a highly fact-specific determination that cannot always be resolved as a matter of law (*Adirondack League Club*, 92 NY2d at 605). On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 26 NY3d 40, 49 [2015]). Summary judgment is inappropriate in any case where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts (*Kriz v Schum*, 75 NY2d 25, 33-34 [1989]).

Notably, in lieu of a stipulated statement of facts, the parties submitted an expansive record containing, among other things, documents, maps, photographs, letters, articles, guidebooks, video footage, diaries, testimony, and affidavits. They now seek a determination "as a matter of law" based on the agreed-upon facts that may be gleaned therefrom. While in this proceeding, a stipulated statement of facts is not a prerequisite for the issuance of summary judgment, its absence is notable where, as here, the parties have amassed a voluminous and detailed record, and seek a legal resolution of an inherently fact-intensive determination.

On this record, we must decline the parties' invitation to award judgment as a matter of law. Contrary to their claim, the parties have presented conflicting or inconclusive evidence

with regard to a number of material facts and the inferences they wish to be drawn from those facts. The record is not conclusive with regard to, for instance, the Waterway's historical and prospective commercial utility, the Waterway's historical accessibility to the public, the relative ease of passage by canoe, the volume of historical travel, and the volume of prospective commercial and recreational use. Collectively, these factual assessments present material considerations that, left unresolved, permit more than one conclusion to be drawn concerning the Waterway's practical utility (*Adirondack League Club*, 92 NY2d at 605-607; *see Morgan*, 35 NY at 459-460; *People ex rel. Lehigh Val. Ry Co. v State Tax Commn.*, 247 NY 9, 11-12 [1928]; *People ex rel. Erie R.R. Co. v State Tax Commn.*, 266 App Div 452, 454 [3d Dept 1943]). As material questions of fact remain, neither party has demonstrated prima facie entitlement to summary judgment, and the competing evidence must be weighed and the credibility of the witnesses must be assessed by a factfinder (*Adirondack League Club*, 92 NY2d at 600). These factual determinations and their relative weight—as well as the "ultimate conclusion" of navigability-in-fact—are for the trier of fact based on the evidence (*Adirondack League Club*, 92 NY2d at 605). We therefore hold that sufficient issues of fact exist to preclude the issuance of summary judgment.

Chief Judge DiFIORE and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur.

Order modified, without costs, by denying defendants' motions for summary judgment and, as so modified, affirmed, in a memorandum.