**Kasack Enters., Inc. v JTL Constr. Corp.**

2019 NY Slip Op 35223(U)

February 21, 2019

Supreme Court, New York County

Docket Number: Index No. 657013/2017

Judge: Frank P. Nervo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

✳ AMENDED ✳

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| PRESENT: | **HON. FRANK P. NERVO** | PART | IAS MOTION 4 |
|---|---|---|---|
| | *Justice* | | |

-------------------------------------------------------------------X

KABACK ENTERPRISES, INC.,

                Plaintiff,

            - V -

JTL CONSTRUCTION CORP., JOHN LOMIO, DANIEL HULBERT, JOHN DOE

                Defendant.

-------------------------------------------------------------------X

| INDEX NO. | 657013/2017 |
|---|---|
| MOTION DATE | 02/20/2019, 02/13/2019 |
| MOTION SEQ. NO. | 003 004 |

## DECISION AND ORDER

The following e-filed documents, listed by NYSCEF document number (Motion 003) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 56, 67, 68, 69, 70, 71, 74, 95

were read on this motion to/for          **PARTIAL SUMMARY JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 72, 73, 75, 76, 77, 78, 79, 80, 86, 87, 88, 89, 90, 91, 92, 96

were read on this motion to/for       **VACATE - DECISION/ORDER/JUDGMENT/AWARD**

Order of this Court, dated February 19, 2019, is recalled and vacated.

Upon the forgoing documents, the Court issues the annexed decision and order of even date.

Any relief requested but not expressly addressed has been considered and is hereby rejected.

| 2/21/2019 | | | |
|---|---|---|---|
| **DATE** | | FRANK P. NERVO, J.S.C. | |

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

657013/2017   KABACK ENTERPRISES, INC. vs. JTL CONSTRUCTION CORP.
Motion No.  003 004

Page 1 of 1

[* 1]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

KABACK ENTERPRISES, INC.,

       Plaintiff,

   -against-

JTL CONSTRUCTION CORP., JOHN LOMIO,
DANIEL J. HULBERT, et al

       Defendants.

-----------------------------------------------------------------x

*Amended*

DECISION AND ORDER

Index Number

657013/2017

FRANK P. NERVO, J.S.C.

The Court consolidates mot. seq. 003 and mot. seq. 004.

## SUMMARY JUDGMENT

Defendant Hulbert moves for summary judgment dismissing the suit as against him on the basis that he is not an officer of JTL Construction Corp (JTL), within the meaning of Article 3-A of the Lien law, and is therefore not responsible, as a matter of law, for the contracted sum (mot. seq. 03).

On a motion for summary judgment, the burden rests with the moving party to make a prima facie showing they are entitled to judgment as a matter of law and demonstrate the absence of any material issues of fact (CPLR § 3212; *Friends of Thayer lake, LLC v. Brown*, 27 NY3d 1039 [2016]; *Zuckerman v. City of New York*, 49 NY2d 557 [1980]). Once met, the burden shifts to the opposing party to submit admissible evidence to create a question of fact requiring trial (*see also Friends of Animals v. Associated Fur Mfrs.*, 46 NY2d 1065 [1979]; *Kershaw v. Hospital for Special Surgery*, 114 AD3d 75 [1st Dept 2013]). However, "failure to make a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also JMD Holding Corp. v. Congress Financial Corp.*, 4 NY3d 373, 384 [2005]). A conclusory affidavit will not establish the proponent's prima facie burden (*Id.; see e.g. Vermette v. Kenworth Truck*, 68 NY2d 714 [1986]).

Defendant Hulbert argues that he was an employee of JTL, without authority to bind JTL, and was never an officer of the company. Consequently, Hulbert argues that he is entitled to dismissal of the action against him, as a matter of law. In support of this contention, Hulbert provides a copy of his 2017 W-2 tax document, which lists him as a paid employee of JTL, and an affidavit in which he avers he has never been an officer of JTL.

As discussed below, the Court is cognizant that this litigation is at an early pre-discovery stage and defendants have expressed difficulty in obtaining JTL's business records and

[* 2]

receipts. Notwithstanding, Hulbert's conclusory affidavit and W-2 tax document are insufficient to show, as a matter of law, his entitlement to summary judgment.

RELIEF FROM SO-ORDERED STIPULATION

Defendants seek relief from a so-ordered stipulation of November 8, 2018 whereby defendants agreed to provide discovery responses by December 4, 2018 (mot. seq. 004). The stipulation further provides that should defendants fail to respond by the deadline, their answers shall be stricken and plaintiff may enter a judgment against them.

Defendant Lomio contends that at the time the stipulation was entered into, he believed that JTL business records could be compiled before the deadline. However, he now seeks to extend the deadline, as the records are in "shambles," he is not able to afford to pay his previously engaged CPA, and although he has now engaged Defendant JTL's prior bookkeeper, the bookkeeper believes it will take up to 75 days to comply with the discovery demands.

CPLR § 2004 provides that the Court, in its discretion, may extend the time fixed by statute, rule, or order upon terms that are just and upon a showing of good cause.

Defendants urge that good cause to extend the December 4, 2018 deadline has been shown, as they have attempted to "recreate 3 years of business records," but grossly underestimated the time necessary to comply with the discovery requests and are burdened by their finances. Furthermore, defendants draw attention to the date that they moved for the instant relief, November 30, 2018, prior to the stipulation's December 4, 2018 deadline. Plaintiff argues that the stipulation was self-effectuating, and the answers have, therefore, in essence, already been stricken without further action by the Court.

While this Court does not determine whether the stipulation is self-effectuating, it does find the so-ordered stipulation, agreed to by the parties, clearly states defendants' answers shall be stricken in the event defendants fail to provide discovery responses by December 4, 2018. Notwithstanding defendants' contention that unanticipated difficulties have arisen in producing business records, they have failed to provide discovery by the agreed upon deadline, and the Court, in order to give effect to the stipulation, strikes the defendants' answers.

Accordingly, it is

ORDERED that defendants' motion for summary judgment (mot. seq. 003) is denied, and it is further

ORDERED that defendants' motion for relief from the so-ordered stipulation of November 9, 2018 (mot. seq. 004) is denied, and it is further

2

[* 3]

ORDERED that plaintiff's cross motion for default judgment is granted and plaintiff shall have judgment against defendants in the amount of $440,915.00 with interest from April 11, 2016, and one Bill of Costs, and it is further

ORDERED that the proposed judgment shall be presented to the Clerk, and unless otherwise directed by the Clerk, not to chambers or the courtroom.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Dated: February 21, 2019

ENTER:

_____
J.S.C.

HON. FRANK P. NERVO

[* 4]