Matter of Ulises R. v Elizabeth H.T. (2023 NY Slip Op 03559)

Matter of Ulises R. v Elizabeth H.T.

2023 NY Slip Op 03559

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

V-03633/22 File No. 258204 File No. 258204 Docket No. V-03633/22 Appeal No. 586-587 Case No. 2022-02362, 2023-00436 

[*1]In the Matter of Ulises R., Petitioner-Appellant,
v
Elizabeth H.T., Respondent-Respondent. Case Nos.

Bruce A. Young, Brooklyn, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, for respondent.
The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), attorney for the child.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about November 15, 2022, which, to the extent appealed from, in effect, granted petitioner father's motion for reargument and renewal, and upon reargument and renewal, adhered to its prior order, entered on or about May 2, 2022, to the extent it denied the father's motion to prohibit respondent mother from relocating to Texas with the subject child, unanimously affirmed, without costs. Appeal from order, entered on or about May 2, 2022, unanimously dismissed, without costs, as superseded by the appeal from the order entered on or about November 15, 2022.
The part of the November 15, 2022 order denying reargument effectively granted reargument and, upon reargument, adhered to a prior determination. Accordingly, it is appealable (see Jean v Chinitz, 163 AD3d 497, 499 [1st Dept 2018]; Pezhman v Chanel, Inc., 126 AD3d 497 [1st Dept 2015]).
Upon reargument, the court properly adhered to its original decision that permitting the mother to relocate to Texas with the subject child would serve the child's best interests, as the father failed to show that the court overlooked or misapprehended any applicable facts or law in deciding the prior motion (see CPLR 2221[d][2]).
The father received the benefit of a full and plenary hearing (see S.L. v J.R., 27 NY3d 558, 563 [2016]). The hearing was held over the course of several days, where the parties were represented by counsel, and the court heard the testimony of three witnesses who were subject to cross-examination, received documentary evidence, conducted an in camera interview of the subject child, and heard the parties' summations. Thus, the court possessed sufficient information to render an informed decision as to whether relocation would serve the child's best interests.
Because this case involved an initial custody determination, and there was no prior custody order, the court correctly determined that the relocation factors set forth in Matter of Tropea v Tropea (87 NY2d 727 [1996]) did not govern, and that the effect of the mother's relocation was but one factor in determining the child's best interests (see Mathiew v Michels, 180 AD3d 403, 403 [1st Dept 2020]; Arthur v Galletti, 176 AD3d 412, 413 [1st Dept 2019], lv denied 35 NY3d 1002 [2020]). "[I]n reviewing relocation and other custody issues, deference is to be accorded to the determination rendered by the factfinder, unless it lacks a sound and substantial basis in the record" (Matter of David J.B. v Monique H., 52 AD3d 414, 415 [1st Dept 2008] [internal quotation marks omitted]).
The court's decision to permit the mother to relocate to Texas with the child has a sound and substantial basis in the record. Its credibility determinations during the fact-finding hearing are entitled to great deference (see Matter of Melind M. v Joseph P., 95 AD3d 553, 555 [1st Dept 2012]). The evidence shows that the mother had been the primary caregiver since the child's birth, while [*2]the father had little involvement in the child's life and never supported the child financially. The mother found a stable job with full benefits in Texas, had family support there, and had secured an apartment and found a suitable school for the child. The mother testified that moving to Texas would alleviate much of her financial stress, which, as the record reflected, was attributable to the father's lack of support. In contrast, the father's employment and financial situation were unstable. He admittedly worked part-time, even though he had multiple underage children who needed financial support and was living in the basement of his grandmother's home. The father's grandmother was over 100 years old, and it was unclear whether the father could remain in her house in the event of her passing. Contrary to the father's contention, the court adequately considered the child's relationship with the father's extended family and weighed it against her need for a stable home and financial support.
As to the father's motion for renewal (CPLR 2221[e]), renewal was not a proper vehicle for obtaining relief from the judgment (see Matter of Curry v Vertex Restoration Corp., 252 AD2d 360, 360 [1st Dept 1998]), and the court should have treated the motion as one pursuant to CPLR 5015 (see Maddux v Schur, 53 AD3d 738, 739 [3d Dept 2008]). Nevertheless, regardless of which standard is applied to the motion, the court correctly determined that the father failed to demonstrate that the newly discovered evidence could not, with due diligence, have been discovered earlier or
that it would have changed the prior determination if presented during the fact-finding hearing.
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023