| |
|---|
| **Crystal v Empire City Subway Co. (Ltd.)** |
| 2024 NY Slip Op 33615(U) |
| October 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154806/2016 |
| Judge: Jeanine R. Johnson |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JEANINE R. JOHNSON**

*Justice*

------------------------------------------------------------------------X

HELENE CRYSTAL,

Plaintiff,

- v -

EMPIRE CITY SUBWAY COMPANY (LIMITED), VERIZON NEW YORK, INC., THE CITY OF NEW YORK

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| PART | 52-M |
| INDEX NO. | 154806/2016 |
| MOTION DATE | 11/03/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79

were read on this motion to/for _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents and oral argument on 07/31/2024, Defendant–Empire City Subway Company (Limited) (hereinafter, "Defendant–ECS") and Defendant–Verizon New York, Inc.'s (hereinafter, "Defendant–VZNY") motion for summary judgement against Plaintiff, Crystal Helene, pursuant to CPLR § 3212 is granted.

To succeed on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law by demonstrating the absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown,* 27 N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.,* 22 N.Y.3d 824 (2014); CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to the non-moving party to establish the existence of material issues of fact which preclude judgment as a matter of law." *Jacobsen,* 22 N.Y.3d at 833. If there are no material, triable issues of fact, summary judgment must be granted. *See Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395 (1957).

154806/2016   CRYSTAL, HELENE vs. EMPIRE CITY SUBWAY COMPANY          Page 1 of 4
Motion No.  002

1 of 4

This case arises from a trip and fall accident on December 12, 2015. (NYSCEF Doc. No. 1). Plaintiff was walking in a cross walk on the east side of Madison Avenue to cross 74th Street. *Id.* She tripped on a crack and fell forward hitting her knees – resulting in a fractured kneecap. *Id.* Plaintiff commenced this action against Defendant–ECS and Defendant–VZNY, alleging negligence in the ownership, maintenance, operation, and control of the premises which caused a dangerous and hazardous condition. *Id.* Defendant–ECS and Defendant–VZNY assert they did not owe a duty to Plaintiff because neither entity owns any facilities within 12-inches of the alleged defect nor performed any work at or near the accident location site. (NYSCEF Doc. No. 53).

Both Defendants produced work permits showing they did not engage in work within the accident area. Daniel Tergesen, a Construction Management Consultant for Defendant–ECS testified that the ECS permit applications produced during discovery indicate the permits were for work to be completed outside of the accident site location. Tergesen Aff. (NYSCEF Doc. No. 63). Phillip Vassallo, a Senior Engineer Consultant for VZNY performed a search for all facilities, installations, constructions, excavation, paving, and any work completed by Defendant–VZNY at the accident location from the date of the accident to two years prior and testified that VZNY did not own, operate, or maintain the premises. Vassallo Aff. (NYSCEF Doc. No. 64).

Plaintiff argues that Defendant–ECS and Defendant–VZNY caused or created the injurious condition because they had permits to complete work at the accident location on 74th Street and Madison Avenue within two years prior to the accident. Additionally, Plaintiff stated in her 50-h hearing that after the accident she identified Defendant–ECS's company name spray painted at the accident site. (NYSCEF Doc. No. 75). Defendant–ECS and Defendant–VZNY

**154806/2016   CRYSTAL, HELENE vs. EMPIRE CITY SUBWAY COMPANY**
**Motion No.  002**

**Page 2 of 4**

2 of 4

[* 2]

refuted these claims by showing that the permits were for work completed approximately 75 feet away from the accident location and the ECS markings are not indicative of any work being performed but serve as notice of existing underground facilities to others performing work in the area.

This Court finds that both Defendant–ECS and Defendant–VZNY met their burden of showing that there is no material fact in dispute as to whether the defendants had a duty to Plaintiff or performed work at the site sufficient to warrant further action. Both defendants submitted evidence showing that the opened permits were for work completed at least 12-inches away from the accident site thus establishing they did not have any ownership, control, or a duty to maintain the area.

Accordingly it is hereby,

ORDERED that, Defendant–Empire City Subway Company (Limited) and Defendant–Verizon New York, Inc.'s motion for summary judgement is granted, it is further

ORDERED that all claims against Defendant–Empire City Subway Company (Limited) and Defendant–Verizon New York Inc., are dismissed, it is further

ORDERED that the action is severed and continued against the remaining Defendant — The City of New York; it is further

ORDERED that the caption is amended to read as follows:

---------------------------------------------------------------------------X

HELENE CRYSTAL,

Plaintiff,

- V -

THE CITY OF NEW YORK

Defendant.

---------------------------------------------------------------------------X

154806/2016   CRYSTAL, HELENE vs. EMPIRE CITY SUBWAY COMPANY
Motion No.  002

Page 3 of 4

it is further;

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; it is further,

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

10/1/2024
DATE

JEANINE R. JOHNSON, J.S.C.

| | | | | |
|---|---|---|---|---|
| CHECK ONE: | [ ] CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |