**Schutzman v 19 E. 72nd St. Corp.**

2024 NY Slip Op 33616(U)

October 9, 2024

Supreme Court, New York County

Docket Number: Index No. 155251/2018

Judge: Jeanine R. Johnson

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JEANINE R. JOHNSON      PART      52-M

*Justice*

------------------------------------------------------------------X

BEVERLY SCHUTZMAN,

                 Plaintiff,

            - v -

19 EAST 72ND STREET CORPORATION, BROWN
HARRIS STEVENS RESIDENTIAL MANAGEMENT,
LLC,THE CITY OF NEW YORK, THE DEPARTMENT OF
TRANSPORTATION, THE DEPARTMENT OF PARKS &
RECREATION

                 Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155251/2018 |
| MOTION DATE | 12/18/2023, 12/18/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 76, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 127, 128, 131, 134, 135, 137

were read on this motion to/for      JUDGMENT - SUMMARY      .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 77, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 129, 132, 133, 136, 138

were read on this motion to/for      JUDGMENT - SUMMARY      .

Upon the foregoing documents and oral argument held on 07/31/2024, Defendants – The City or New York and New York City Department of Parks and Recreation (hereinafter "The City"), and Defendants – 19 East 72nd Street Corporation and Brown Harris Stevens Residential Management, LLC's (hereinafter "Defendants–19 East 72nd and BHS") motions for summary judgment and dismissal of Plaintiff's claims pursuant to CPLR § 3212 are denied.

To succeed on a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law by demonstrating the absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown*, 27 N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.*, 22 N.Y.3d 824 (2014);

CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to the non-moving party to establish the existence of material issues of fact which preclude judgment as a matter of law." *Jacobsen,* 22 N.Y.3d at 833. If there are no material, triable issues of fact, summary judgment must be granted. *See Sillman v. Twentieth Century-Fox Film Corp.,* 3 N.Y.2d 395 (1957).

Background

This action has been brought to recover damages for personal injuries allegedly sustained by Plaintiff when she tripped over a tree pit and fell in front of 898 Madison Avenue. Notice of Claim (NYSCEF Doc. No. 38). Plaintiff alleges she tripped because of insufficient amounts of soil in the tree pit causing a substantial height differential between the sidewalk and the soil in the tree pit and the tree guard not being flush with the sidewalk. *Id.*

Motion Sequence #1

The City moves for summary judgment pursuant to CPLR § 3212, stating it did not have prior written notice as required by NYC Admin. Code § 7-201(c); it did not cause or create the condition; and if Plaintiff fell on the sidewalk, The City is not liable pursuant to NYC Admin. Code § 7-210. The City argues that it did not install the tree pit. Nave Strauss – Director of Tree Planting for The City since 2016, testified that the tree guard design at the accident site location was not consistent with acceptable designs utilized by the New York City Parks Department; the placement of the tree guard was improper; and not placed in accordance with the guidelines and specifications indicated in "Street Tree Planning Standards from New York City 2016." Strauss Dep. at 47; (NYSCEF Doc. No. 53).

Plaintiff argues that The City caused or created the condition because it negligently installed the tree grate. In support of its position, The City offered testimony of Nave Strauss that

[* 2]

the majority of tree pit and guards are installed by The City. (NYSCEF Doc. No. 53). He further testified, stating that when a private property owner installs them, the property owner must hire a contractor who gets a permit from The City, and there would be no permit if The City installed the tree pit and guards. *Id.* at 31-33. Plaintiff presented evidence that the only permit opened in the accident location was from 2002 and issued to DaCosta Landscaping, which Mr. Strauss testified was a contractor The City used for planting trees. *Id.* at 66. Plaintiff contends there is a question of fact regarding whether The City is responsible for the installation.

This Court finds that The City did not meet its prima facie burden of showing that there is no material fact in dispute as to whether The City caused or created the injurious condition. There is conflicting testimony regarding whether The City installed the tree pit and the evidence presented does not definitively show The City is not liable. Thus, The City's motion for summary judgment to dismiss all claims against it is denied.

Motion Sequence #2

Defendants–19 East 72nd and BHS move for summary judgment pursuant to CPLR § 3212 stating they did not cause or create the injurious condition. Defendants–19 East 72nd and BHS argue that they did not install the tree pit; there are no permits to show that they installed it; and the tree pit was open and obvious and not inherently dangerous. Plaintiff provided an affidavit and safety report from Dr. William Marletta identifying several inherently dangerous conditions within the tree pit. After reviewing photographs, he observed a tripping hazard based on the large gap at the edge of the sidewalk and the tree grate. Dr. Marletta Aff.; (NYSCEF Doc. No. 113). Additionally, Plaintiff argues that Defendants–19 East 72nd and BHS installed the tree pit based on a street opening permit from 2002 to DaCosta Landscaping at the subject location.

Plaintiff contends that the street opening permit raises an issue of fact regarding whether Defendants–19 East 72nd and BHS were the private company that installed the tree pit.

This Court finds that Defendants–19 East 72nd and BHS did not meet their prima facie burden of showing that there are no material facts in dispute as to whether the injurious condition was open and obvious and whether the defendants caused or created the injurious condition by negligently installing the tree pit. Thus, Defendants–19 East 72nd and BHS's motion for summary judgment is denied.

Accordingly it is hereby,

ORDERED that Motion Sequence 001, Defendants – The City or New York and New York City Department of Parks and Recreation's motion for summary judgement is denied, and it is further

ORDERED that Motion Sequence 002, Defendants – 19 East 72nd Street Corporation and Brown Harris Stevens Residential Management, LLC's motion for summary judgment is denied. This constitutes the Decision and Order of the Court.

*Motion Sequence 001*

| 10/9/2024 | | | | | |
|-----------|--|--|--|--|--|
| **DATE** | | | | **JEANINE R. JOHNSON, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

*Motion Sequence 002*

JEANINE R. JOHNSON, J.S.C.

| | | | | | |
|---|---|---|---|---|---|
| 10/9/2024 | | | | | |
| **DATE** | | | | | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |