| |
|---|
| **Pecoraro v City of New York** |
| 2024 NY Slip Op 33623(U) |
| October 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160517/2018 |
| Judge: Jeanine R. Johnson |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. JEANINE R. JOHNSON**    PART    52-M

*Justice*

-------------------------------------------------------------------X

FRANK MARIO PECORARO,

        Plaintiff,

- v -

THE CITY OF NEW YORK, THE CARNEGIE HALL
CORPORATION, TRANSEL ELEVATOR & ELECTRIC, INC.
D/B/A TEI GROUP

        Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160517/2018 |
| MOTION DATE | 02/27/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 114, 115, 116, 117,
118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 129, 133, 134, 136, 139

were read on this motion to/for                 DISMISSAL                                   .

Upon the foregoing documents and oral argument held on 07/31/2024, Third-Party

Defendant – Transel Elevator & Electric Inc., d/b/a/ TEI Group's (hereinafter "TEI") motion for

summary judgment pursuant to CPLR §3212 against Third-Party Plaintiff – The Carnegie Hall

Corporation (hereinafter "Carnegie Hall") is granted as to the dismissal of Carnegie Hall's

breach of contract claim. The motion is denied as to Carnegie Hall's contractual and common

law indemnification claims and in all other respects.

To succeed on a motion for summary judgment, the moving party must make a prima

facie showing of entitlement to summary judgment as a matter of law by demonstrating the

absence of any material issues of fact. *See generally Friends of Thayer Lake LLC v. Brown*, 27

N.Y.3d 1039 (2016). *Jacobsen v. New York City Health & Hosps. Corp.,* 22 N.Y.3d 824 (2014);

CPLR §3212(b). "If the moving party makes out a prima facie showing, the burden then shifts to

the non-moving party to establish the existence of material issues of fact which preclude

judgment as a matter of law." *Jacobsen,* 22 N.Y.3d at 833. If there are no material, triable issues of fact, summary judgment must be granted. *See Sillman v. Twentieth Century-Fox Film Corp.,* 3 N.Y.2d 395 (1957).

Breach of Contract Claim

TEI moves for summary judgment dismissing Carnegie Hall's breach of contract claim for failure to procure insurance. TEI argues that pursuant to the subcontract with Carnegie Hall, TEI was required to obtain and maintain commercial liability insurance with limits of $1,000,000 per occurrence and $2,000,000 in the aggregate. (NYSCEF Doc. No. 126). TEI asserts that it procured sufficient insurance pursuant to its policy with First Specialty for coverage required by its contract with Carnegie Hall. (NYSCEF Doc. No. 127). TEI contends that the subcontract was executed prior to the accident, and it properly obtained the required insurance.

This Court finds that TEI met its prima facie burden because there is no material fact in dispute that it procured insurance under the subcontract agreement with Carnegie Hall. TEI sufficiently provided evidence of the subcontract agreement and its insurance policy. Additionally, Carnegie Hall did not oppose TEI's motion for summary judgment on this issue. Therefore, TEI's motion for summary judgment to dismiss Carnegie Hall's breach of contract claim for failure to procure insurance is granted without opposition.

Contractual and Common Law Indemnification Claims

"A party is entitled to full contractual indemnification [for damages incurred in a personal injury suit] provided that the 'intention can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances.'" *Masciotta v. Morse Diesel International, Inc.*, 303 A.D.2d 309, 310 (1st Dep't 2003). Under common law indemnification, there must be evidence that the employer "was negligent or that it exercised

**160517/2018 PECORARO, FRANK MARIO vs. CITY OF NEW YORK**
**Motion No. 004**

**Page 2 of 4**

2 of 4

actual supervision or control over the injury-producing work." *See Balcazar v. Commet 380, Inc.*, 199 A.D.3d 403, 403 (1st Dep't 2021).

TEI argues that Carnegie Hall is not entitled to indemnification because Carnegie Hall cannot establish that the injury sustained by Plaintiff – Frank Mario Pecoraro (hereinafter "Plaintiff") arose out of negligence by TEI, thus negating the indemnification provision. TEI contends that Carnegie Hall had exclusive control over Plaintiff. TEI contends that the sole proximate cause of Plaintiff's accident was a slippery condition on the gondola rail, which Plaintiff only climbed because Carnegie Hall blocked the walkway to the elevator machine room. (NYSCEF Doc. No. 116).

Carnegie Hall argues that the contractual indemnification clause is triggered because TEI did exercise supervision or control over Plaintiff. Carnegie Hall contends that Plaintiff provided testimony that TEI approved the route to the elevator machine room and instructed Plaintiff to walk on the gondola rail. (NYSCEF Doc. No. 122). This resulted in Plaintiff falling and suffering from a medical meniscal tear which required in surgery. *Id.*

This Court finds that TEI did not meet its prima facie burden and there is a material fact in dispute as to whether TEI exercised supervision or control over Plaintiff which would trigger contractual and common law indemnification. Thus, TEI's motion for summary judgment is denied.

Accordingly it is hereby,

ORDERED that Third–Party Defendant – Transel Elevator & Electric Inc., d/b/a/ TEI Group's motion for summary judgment against Third–Party Plaintiff – The Carnegie Hall Corporation is granted as to the breach of contract claim for failure to procure insurance, it is further

160517/2018   PECORARO, FRANK MARIO vs. CITY OF NEW YORK
Motion No. 004

Page 3 of 4

3 of 4

ORDERED that Third–Party Defendant – Transel Elevator & Electric Inc., d/b/a/ TEI Group's

motion for summary judgment against Third–Party Plaintiff – The Carnegie Hall Corporation is

denied as to the contractual and common law indemnification claims and in all other respects

This constitutes the Decision and Order of the Court.

| 10/9/2024 | | | | JEANINE R. JOHNSON, J.S.C. | |
|-----------|---|---|---|---|---|
| DATE | | | | | |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|------------|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160517/2018   PECORARO, FRANK MARIO vs. CITY OF NEW YORK
Motion No.  004

Page 4 of 4