| |
|---|
| **Hoffman v 27 Victoria Owners Corp.** |
| 2025 NY Slip Op 31000(U) |
| March 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158525/2021 |
| Judge: Eric Schumacher |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ERIC SCHUMACHER**            PART            23M
                        *Justice*

---------------------------------------------------------------------X

BARBARA HOFFMAN,                      INDEX NO.        158525/2021

                    Plaintiff,        MOTION DATE      12/02/2024

          - v -                       MOTION SEQ. NO.      002

27 VICTORIA OWNERS CORP. et al.,

                    Defendants.       **DECISION + ORDER ON
                                            MOTION**

---------------------------------------------------------------------X

**NYSCEF doc nos. 77-81, 83-87, 89-90, 95-98, and 101 were read on motion seq. no. 002 to reargue, etc.**

Motion by defendant Oksana Kukurudza pursuant to CPLR 2221 (d) for leave to reargue this court's decision and order in motion seq. no. 001, where the court denied Oksana Kukurudza's motion pursuant to CPLR 325 (d) for an order transferring this action to Civil Court, New York County, denied to the extent that the branch of the motion seeking leave to reargue is denied, and further the branch of the motion seeking summary judgment pursuant to CPLR 3212 to dismiss the seventh cause of action for declaratory judgment in plaintiff's verified complaint as asserted against Oksana Kukurudza is denied.

## BACKGROUND

In this action, plaintiff Barbara Hoffman alleges that her apartment, which is housed in the building located at 200 East 27th Street, New York, New York, has been damaged by major water leaks and flooding originating from construction undertaken in the apartment owned by defendant Oksana Kukurudza (hereinafter, defendant), as well as construction undertaken in the building itself.

Defendant moves, pursuant to CPLR 3212, for summary judgment dismissing plaintiff's declaratory judgment cause of action. Defendant also moves, pursuant to CPLR 2221 (d), for an order granting her leave to reargue her prior motion which sought a transfer of this action to Civil Court, New York County, and upon reargument, granting her motion to transfer. For the reasons set forth below, defendant's motion is denied.

Plaintiff commenced this action on September 15, 2021 (*see* NYSCEF Doc Nos. 1, 2, 4). Plaintiff asserted two causes of action for breach of agreement, as well as causes of action for breach of fiduciary duty, negligence, property damage, common law nuisance, declaratory judgment, and legal fees.

The original action arose from alleged damages from flooding and other construction related events in several different apartments and the first-floor commercial unit in the building.

Subsequently, plaintiff amended the complaint to allege only damages caused by construction activities related to Apartments 7W and 7X, which were owned by defendant (*see* amended complaint [NYSCEF Doc No. 68]).

In motion sequence no. 001 (NYSCEF Doc No. 77), defendant moved, pursuant to CPLR 325 (d), for an order transferring this action to Civil Court, New York County. In support of her motion, defendant asserted that, because damages in this action are less than $25,000 (which she mistakenly thought was the then current maximum amount of damages for a Civil Court action), this action should be transferred to Civil Court (*see* affirmation in support [NYSCEF Doc No. 78], ¶ 32). Defendant's estimation of damages was based on an initial estimate for the repairs to plaintiff's apartment dated March 18, 2024 in the amount of $18,800, and a second estimate dated September 3, 2024 in the amount of $21,000 (*id.*, ¶ 26).

Defendant also argued that "the evidence has already shown that the initial leak of which plaintiff complained originated in her own apartment due to a defective shower body (which plaintiff disputes)" (*id.*, ¶ 31). Defendant concluded that "due to questionable liability and nominal damages in this matter, the matter should not remain in the Supreme Court and clog the Court's busy calendar" (*id.*, ¶ 33).

Plaintiff opposed the motion on the ground that, because she is seeking a declaratory judgment in her seventh cause of action that the building had a duty to perform an inspection of the premises to determine damages, and at no expense to plaintiff, to perform requisite repairs, this action cannot be transferred to Civil Court (*see* affirmation in opposition [NYSCEF Doc No. 83], ¶¶ 18-23). Plaintiff also opposed the motion on the ground that the Supreme Court has no minimum amount required to hear a case (*see id.*, ¶¶ 24-26).

On reply, defendant argued that plaintiff's cause of action for declaratory judgment fails "because she admitted to abandoning such claim during her Examination before Trial as she is no longer requesting an inspection of her apartment" (*see* reply affirmation [NYSCEF Doc No. 86], ¶ 3, citing plaintiff's dep [NYSCEF Doc No. 81], at 114-115). Defendant also argued that the remaining two requests in plaintiff's declaratory judgment claim -- a request for future work in the building to be performed by licensed contractors and for all unit owners to provide the Board with proof of insurance -- are irrelevant to plaintiff's apartment and her claims of purported water damage (*id.*, ¶ 4). Moreover, defendant argued, plaintiff's opposition papers did not state which portion of her declaratory judgment claim, if any, was still being pursued (*id.*, ¶ 5).

By decision and order dated November 4, 2024 (NYSCEF Doc No. 88), this court denied the motion to transfer venue:

"Motion by defendant Oksana Kukurudza pursuant to CPLR 325 (d) for an order transferring this case to the New York City Civil Court denied. While it may ultimately be that plaintiff cannot seek or prove damages in excess of that court's jurisdictional limit, which, contrary to the assertions in the papers submitted, is now $50,000, not $25,000, plaintiff's seventh cause of action for declaratory relief cannot be pursued there. Movant and supporting defendants' arguments as to that plaintiff has abandoned this cause of action are based on certain deposition

testimony that falls short of the withdrawal of the cause of action, and so the cause of action remains operative. Whether plaintiff ultimately could prevail on the cause of action, or whether it would withstand a motion to dismiss or for summary judgment, are questions that are not now before the court"
(*id.*).

Defendant now moves to reargue the dismissal of her prior motion to transfer venue, arguing that the court "erred in denying the underlying motion because the declaratory judgment action has been abandoned and/or should be dismissed herein" (*see* affirmation in support [NYSCEF Doc No. 90], ¶ 12).

## DISCUSSION

A motion for reargument is addressed to the sound discretion of the trial court, and may be granted upon a showing that "the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law" (*Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979]; *accord Springs v L&D L. P.C.*, 234 AD3d 422,424 [1st Dept 2025]). It is not designed to provide the unsuccessful party with successive opportunities to argue once again the very issues previously decided (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992]).

Defendant's motion for reargument is denied. Defendant's moving papers do not identify anything that the court overlooked or misapprehended that justifies granting leave to reargue. Rather, defendant merely restates the same arguments that the court already rejected in the prior decision.

Specifically, in support of her motion for reargument, defendant once again argues, as she did in her moving papers, that plaintiff has abandoned her declaratory judgment cause of action, that plaintiff's damages are less than the Civil Court's jurisdictional limits, and that this matter will unnecessarily clog this court's calendar, despite plaintiff's nominal claim (*see* moving affirmation, ¶ 12). Defendant also again argues that the initial leak about which plaintiff complained originated in her own apartment (*id.*, ¶ 17). Thus, defendant merely repeats and rehashes the same arguments that were originally presented and rejected on the prior motion, which is insufficient to grant a motion for reargument (*see e.g. Kent v 534 E. 11th St.*, 80 AD3d 106, 116 [1st Dept 2010] [finding that "granting (of) plaintiff's motion for reargument (by lower court) was improper," because it was "granted based upon her previously asserted ... argument that defendants had failed to provide necessary discovery"]).

Moreover, defendant fails to demonstrate that the court overlooked or misapplied any controlling principle of law in denying the prior motion. Rather, this court carefully considered the relevant facts, arguments and applicable law in reaching its determination. As such, reargument cannot be granted (*see* CPLR 2221 [d] [2]; *see e.g. Matter of Ulises R. v Elizabeth H.T.*, 217 AD3d 639, 639 [1st Dept 2023] ["Upon reargument, the court properly adhered to its original decision that permitting the mother to relocate to Texas with the subject child would serve the child's best interests, as the father failed to show that the court overlooked or

158525/2021 HOFFMAN v 27 VICTORIA OWNERS CORP. et al. Page 3 of 5
Motion No. 002

3 of 5

[* 3]

misapprehended any applicable facts or law in deciding the prior motion"]). Accordingly, defendant's motion for reargument is denied.

Defendant also moves for summary judgment dismissing the declaratory judgment cause of action.

"'[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (*Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993] [citation omitted]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The burden is a heavy one: the facts must be viewed in the light most favorable to the non-moving party and every available inference must be drawn in the non-moving party's favor (*Sherman v New York State Thruway Auth.*, 27 NY3d 1019, 1021 [2016]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853; *see also Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982 [1993]).

The party opposing summary judgment has the burden of presenting evidentiary facts sufficient to raise triable issues of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *CitiFinancial Co. [DE] v McKinney*, 27 AD3d 224, 226 [1st Dept 2006]). Summary judgment may be granted only when it is clear that no triable issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and "is inappropriate in any case where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts" (*Friends of Thayer Lake LLC v Brown*, 27 NY3d 1039, 1043 [2016]; *see also Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]; *Tronlone v Lac d'Amiante Du Quebec*, 297 AD2d 528, 528-529 [1st Dept 2002], *affd* 99 NY2d 647 [2003]).

Defendant's motion for summary judgment dismissing the declaratory judgment cause of action is denied, as, viewing the evidence in the light most favorable to plaintiff, defendant has failed to establish, prima facie, her entitlement to judgment as a matter of law.

Defendant presents no evidence in support of dismissal of this cause of action. Rather, defendant merely repeats the exact same conclusory arguments that she made in her reply affirmation in the prior motion seeking transfer of venue. Thus, defendant summarily argues, repeating almost word for word her arguments in her prior reply affirmation, that the declaratory judgment cause of action must be dismissed because plaintiff "admitted to abandoning such claim during her Examination before Trial as she is no longer requesting an inspection of her apartment," that the remaining requests in the declaratory judgment claim "are irrelevant to plaintiff's apartment and her claims of purported water damage," and that "plaintiff's opposition papers to the underlying motion did not state which portion of her declaratory judgment claim, if any, is still being pursued" (affirmation in support, ¶¶ 7-9). Defendant concludes that, "[i]n light of the foregoing, plaintiff's declaratory judgment action must be dismissed" (*id.*, ¶ 10).

However, defendant fails to present any evidentiary support whatsoever for these conclusory contentions, which is fatal to her motion for summary judgment (*see e.g. Muslar v Hall*, 214 AD3d 77, 81 [1st Dept 2023] [denying summary judgment on ground that "defendants provided no evidence to support an award of summary judgment"]; *see also Vazquez v Randall*,

205 AD3d 510, 511 [1st Dept 2022] [conclusory allegations "insufficient to make out a prima facie case" for summary judgment]).

Moreover, while defendant also again argues that "the evidence has already shown that the initial leak of which plaintiff complained originated in her own apartment due to a defective shower body" (*see* affirmation in support, motion sequence no. 001, ¶ 31; affirmation in support, motion sequence no. 002, ¶ 17), she again admits, in the same sentence, that "plaintiff disputes" this contention (*see id.*). The fact that plaintiff disputes who created or caused the leak raises triable issues of fact, also requiring denial of the motion (*see e.g. Hernandez v 207 E. 14th St. Realty Corp.*, 235 AD3d 588 [1st Dept 2025]). Accordingly, defendant's motion for summary judgment is denied.

## CONCLUSION

Accordingly, it is,

ORDERED that motion by defendant Oksana Kukurudza pursuant to CPLR 2221 (d) for leave to reargue the court's decision and order in motion seq. no. 001, where the court denied Oksana Kukurudza's motion pursuant to CPLR 325 (d) for an order transferring this action to Civil Court, New York County, is denied to the extent that leave to reargue is denied; and it is further

ORDERED that motion by Oksana Kukurudza for summary judgment pursuant to CPLR 3212 to dismiss the seventh cause of action for declaratory judgment in plaintiff's verified complaint as asserted against Oksana Kukurudza is denied; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that this matter is being administratively reassigned due to, among other things, the general reassignment of most of its general IAS inventory upon assignment of this court as the New York City Asbestos Litigation part, to be effectuated by administration forthwith, and counsel for all parties are directed to contact the newly assigned judge for information about case handling, conferencing, compliance, etc.; and it is further

ORDERED that, within five days of entry, plaintiff shall serve a copy of this order with notice of entry on Oksana Kukurudza.

The foregoing constitutes the decision and order of the court.

| _____3/27/2025_____ | | | | | |
| DATE | | | | ERIC SCHUMACHER, J.S.C. | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

158525/2021  HOFFMAN v 27 VICTORIA OWNERS CORP. et al.                    Page 5 of 5
Motion No. 002

5 of 5